**O**
**JS-6**

cc: order, docket, remand letter to
Los Angeles Superior Court,
No. BC 499815

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA VANDIVER,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>THE WESTERN AND SOUTHERN LIFE INSURANCE CO. et al.,<br><br>　　　　　　Defendants. | Case No. 2:13-cv-01227-ODW (VBKx)<br><br>**ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** |

　　　On February 20, 2013, Defendants The Western and Southern Life Insurance Co. and Thomas C. Johnson removed Plaintiff Rosa Vandiver's case to this Court. But after carefully considering the papers filed in conjunction with the Notice of Removal, the Court determines that it lacks subject-matter jurisdiction over this case. The Court accordingly **REMANDS** this case to the Los Angeles County Superior Court.

　　　Federal courts are courts of limited jurisdiction, only having subject-matter jurisdiction over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But a removed action must be remanded to state court if the federal court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c).

The removing party bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.,* 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992)). Here, Defendants claim that this Court has subject-matter jurisdiction over this state-law action based upon diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1.)

For a federal court to be vested with diversity jurisdiction, there must be complete diversity between the parties, and the amount in controversy must exceed the sum or value $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). When a complaint is silent as to the total amount in controversy, the defendant bears the burden of proving that amount by a preponderance of the evidence. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

An individual's citizenship is "determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Although the determination of a party's domicile is a mixed question of law and fact, it is a fact-intensive inquiry and the defendant bears the burden of establishing it. *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986).

The Court finds that Defendants failed to carry their burden of proving Vandiver's citizenship. Defendants merely assert that Vandiver is a California citizen because Vandiver alleges that she is a California resident in her Complaint. (Notice of Removal ¶ 12; *see also* Compl. ¶ 2.) But Defendants erroneously attempt to conflate residency with citizenship. They cite no other objective facts to establish that Vandiver is a California citizen, such as "voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew*, 797 F.2d at 750. Further, Defendants' assertion of Vandiver's

citizenship under "information and belief" falls far short of the standard necessary to establish this Court's diversity jurisdiction over this action. (Notice of Removal ¶ 12.)

In light of the foregoing, the Court hereby **REMANDS** this case to the Los Angeles County Superior Court. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

February 27, 2013

_____
**OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE**